# JENIFER WICKS
ATTORNEY AT LAW

THE WEBSTER BUILDING
503 D STREET, NW
SUITE 250A
WASHINGTON, D.C. 20001

CHAUNCEY WOOD (D.C., MA, NY)　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　TELEPHONE (202) 326-7100
OF COUNSEL　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　FACSIMILE (202) 478-0867
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　EMAIL: JWICKSLAW@AOL.COM

August 4, 2005

Office of the United States Attorney
　　　for the District of Columbia
555 Fourth St., N.W.
Washington, D.C. 20530
*Handed to Assigned Assistant in Court*

　　　　　　Re:　　United States v. Rico Thomas
　　　　　　　　　　05-CR-278 (CKK)

To Whom It May Concern:

　　　　I am making a request pursuant to the Federal Rules of Criminal Procedure and Evidence for all discoverable evidence. It is my belief that the specifically requested material is discoverable under the Federal Rules of Criminal Procedure and/or Federal Rules of Evidence and/or under pertinent case law. In the event that you are unable or unwilling to provide the requested information, or if you disagree with any of the foregoing representations, please advise me promptly so that I may file any necessary motions. If I do not receive any such objection to specific requests or the actual requested material within thirty (30) day, I will (1) assume that you agree that this letter sets forth an accurate account of the government's discovery obligations, (2) rely upon that assumption in preparing for trial, (3) assume that material requested and not made available is not in the possession, custody or control of the government and (4) assume that the government will not seek introduction of such evidence in its case in chief, or in rebuttal or for impeachment purposes.

　　　　I am requesting a list of all law enforcement officers that you plan to call in this matter at any pretrial hearing or at trial. I am also requesting that you examine and disclose pertinent *Brady* information from the personnel files of those police officer who were involved in the charged incident and related investigation. *See United States v. Brooks*, 966 F.2d 1500, 1503-04 (D.C. Cir. 1992) (if specific request is made, prosecutor must search personnel records of police officer/witnesses to fulfill *Brady* obligations); *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991); *United States v. Cadet*, 727 F.2d 1453 (9th Cir. 1984); *United States v. Muse*, 708 F.2d 513, 516 (10th Cir. 1983) (recognizing that prosecutor must produce *Brady* material in personnel files of government agents even if they are in possession of another agency.).

1.      STATEMENTS: Pursuant to Fed.Crim.R. 16 (a)(1)(A):

I am requesting that you permit me to inspect and copy all relevant oral, written or recorded statements made by my client that are within the possession, custody, or control of the government. Specifically, I am requesting that you disclose and make available for inspection, copying, or photographing:

(1)     any relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government;

(2)     that portion of any written record containing the substance of any relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent;

(3)     and recorded testimony of the defendant before a grand jury which relates to the offense charged.

(4)     the substance of any other oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent if the government intends to use that statement at trial.

In addition, please furnish me with the names of, and any written and/or oral statements made by any co-defendant(s) or co-conspirator(s), unindicted or indicted, and/or juvenile co-respondent(s) in this case along with any written or otherwise recorded material purporting to memorialize any such statements.

Pursuant to the parameters of the above request, please let us know the circumstances of any statement.

2.      PRIOR RECORD:    Pursuant to Fed.Crim.R. 16 (a)(1)(B):

I am requesting certified copies of my client's prior criminal record, if any, which is known or should be known through the exercise of due diligence by the government. Specifically, I request that you furnish me with a certified copy of the defendant's prior criminal record, if any, as is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the prosecutor.

3.      TANGIBLE EVIDENCE: Pursuant to Fed.Crim.R. 16 (a)(1)(C):

I am requesting that you permit me to inspect and copy or photograph all books, papers, documents, photographs, tangible objects, buildings, or places or copies of portions thereof, that are within the possession, control or custody of the government and that are either material to the preparation of my client's defense, or intended for use by the government as evidence in chief at trial, or were obtained from or belong to my client.

These documents we refer to include, *but are not limited to*:

(1) Any PD 123's, PD 255's, PD 252, PD 251, PD 163, PD 119's, PD 32, PD 36, PD 118's, or FBI 302's, associated with the case

(2) The completed DEA-7's, PD81's, PD95's, PD82's, PD82-a's, DEA 86's, DEA/PD 107's, PD 285's

(3) All reports, memoranda, and manuals on the maintenance, repair, and use of machines and instruments which were, or may have been, used to test the items seized in this case;

(4) All reports, logs and memoranda on the accuracy of machines and instruments which were, or may have been used to test items seized in this case,;

(5) All memoranda, notes and reports relating to the handling, storage, chain of custody, and testing of items seized in this case;

I request to be informed of any and all tangible evidence which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense, or are intended for use by the government at trial or were obtained from or belong to the defendant.

I request that I be provided with copies of all photographs which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense, or are intended for use by the government at trial or were obtained from or belong to the defendant.

Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(C), I am requesting that you preserve all documents and tangible objects relating to this case. This request includes, but it not limited to the above listed items. In the event that the government feels that it is necessary to relinquish possession, custody, or control of any or all of the above discoverable materials, please do so pursuant to 16(d)(1), providing me with an opportunity to inspect and copy or photograph such materials immediately.

Additionally, I request a viewing letter for any tangible evidence in the government's possession, custody, or control. I request that the viewing letter permit myself and my investigator, Phil Becnel, to view the evidence with me and that we be given permission to photograph the evidence.

4.   REPORTS OF EXAMINATIONS AND TESTS AND EXPERT WITNESSES:

Pursuant to Fed.Crim.R. 16 (a)(1)(D) and (E), I am requesting to inspect and copy or photograph any results or reports of physical or mental examinations, scientific experiments, or copies thereof, that are in the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the prosecutor, and

which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

If such material exists, I request that you provide me with it immediately. If such material comes into existence at a later time, I request that you provide me with all such material as soon as it is completed, and in sufficient time for me to incorporate the material into my preparation for trial, including the possible need to seek alternate testing and/or the assistance of experts to examine the material provided or to testify concerning the material provided.

I am requesting a written summary of testimony the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case in chief at trial. If so, please provide me with the witnesses' opinions, the bases and the reasons for those opinions, and the witnesses' qualifications.

I am providing notice that at trial, pursuant to the *Jencks* Act, I will be requesting copies of all transcripts in the government's possession of prior testimony concerning the matters on which you seek to call them by any expert witness that the government intends to call at trial.

If the government intends to introduce at trial any report(s) prepared by a chemist, such as the DEA-7, I assume that the government will be introducing live testimony from the chemist who prepared the report, as well, pursuant to the recent case of *Crawford v. Washington*, 541 U.S. ___, 2004 WL 413301 (March 8, 2004), which states that the introduction of testimonial hearsay violates a defendant's rights under the Confrontation Clause.

5.  IDENTIFICATIONS:

If there have been any out-of-court identifications of my client, or other form of identification procedure used in this case, I am requesting disclosure of that information and a duplicate of any photographic spread or lineup that was used or conducted. I request that you inform me precisely how many witnesses allegedly identified my client, the type of identification procedures employed, the words of identification and/or actions indicating identification used by each witness, and the dates and locations of each alleged identification. I further request that you inform me of the circumstances of each witness' observations and alleged identification, including but not limited to each witness' opportunity to observe, distance, lighting, and any other circumstances relating to the reliability of the alleged identifications. See In re F.G., 576 A.2d 724 (D.C. 1990).

6.  TAPE RECORDINGS

Pursuant to Fed.Crim.R. 16 (a)(1)(C), I am requesting a copy of any 911 calls, TAC communications, video or audio surveillance, and all radio runs made in connection with this case. Because of their length, sound quality, and the necessity of transcribing them for use at trial, I request that you provide me with these items at least two weeks in advance of trial to avoid delays once trial gets started. In connection with these items I am requesting that you preserve any material not provided as well as any Jencks material in this case. As you know, the government has a duty to preserve, even absent a discovery request, any and all Jencks material.

4

Please contact me when you receive information as to whether any such tapes exist. Please let me know if you have a tape of such communications so that we can listen to and copy it.

I request that I be provided with any evidence of scout runs (broadcasts on unrecorded channels) that should appear in the papering notes, officers' notes or in any other source.

7.   404(b) Evidence

I am requesting that I be provided with notice of all 404(b) evidence that the government intends to introduce at trial. I request that you advise me in writing of the specific facts and circumstances of the aforementioned uncharged misconduct including the names of any alleged complainants, and the legal theory which you will rely upon for seeking its admission.

For the 404(b) evidence you provided notice through court filing, I request that you provide me with all information and evidence pertaining to this uncharged misconduct that you would be required to provide us under Federal Criminal Procedure Rule 16 and *Brady* if this uncharged misconduct was actually charged.

8.   BRADY REQUESTS: Pursuant to the doctrine of Brady v. Maryland, 373 U.S. 83 (1963):

I am making a general request for all exculpatory information. This includes all information that is known by the government (or that may become known by the government through the exercise of due diligence) and that is favorable to the defense and is material to the issues of guilt and/or punishment. This includes all information that indicates, in whole or in part, that my client did not commit the offense with which he is charged. This includes all information thus described even if not technically admissible at trial.

I write to request that the United States review the contents of the FBI's "I" drive and disclose any and all exculpatory evidence identified therein.

In addition, I specifically request the following:

(a) Any information regarding any prior bad acts of a government witness that may bear on the veracity of the witness with respect to the issues involved in the case. See, Lawrence v. United States, 482 A.2d 374 (D.C. 1984), Galindo v. United States, 630 A.2d 202 (1993).

(b) Any information that any witness made any prior false complaints or acquisitions including but not limited to prior complaints to the police or law enforcement agencies that did not result in convictions.

(c) All prior convictions and juvenile adjudication's of all government witnesses. See, Lewis v. United States, 393 A.2d 109 (D.C. 1978), aff'd on re. 408 A.2d 303 (D.C. 1979).

(d) All information available to the government indicating that

5

    (1) any government witness has had a pending juvenile or criminal case on or since the offense in this case;

    (2) any government witness has had an arrest, guilty plea, trial, or sentencing on or since the date of the offense in the present case;

    (3) any government witness has been on juvenile or criminal parole or probation on or since the date of the offense; and

    (4) any government witness now has or has had any other liberty interest that the witness could believe or could have believed might be favorably affected by government action. With respect to this information, I request docket numbers, dates, and jurisdictions for all such cases. See, <u>Davis v. Alaska</u>, 415 U.S. 508 (1974); <u>Washington v. United States</u>, 461 A.2d 1037 (D.C. 1983).

(e) Any prior inconsistent, non-corroborative, or other impeaching statements or information which will not reflect the witness' trial testimony. See, <u>United States v. Enright</u>, 579 F.2d 980, 989 (6th Cir. 1978), <u>Jacobs v. Singletary</u>, 952 F.2d 1282, 1287-1289 (11th Cir. 1992), <u>U.S. v. Kiszewski</u>, 877 F.2d 210, 215-216 (2nd Cir. 1989).

(f) All information in the government's possession indicating that the mental state of any government witness is below normal or in anyway abnormal.

(g) All information that any government witness was under the influence of alcohol, narcotics, or any other drug at the time of the observations about which the witness will testify, or at the time of being interviewed or testifying in front of the grand jury or during the timeframe when a "cooperating" witness.

(h) All information that the government witness has been or is a police informant either at the time of the offense through the day of trial and including:

    (1) disclosure of the length and extent of the witness' informant status;

    (2) the amounts paid to the informant;

    (3) non-monetary assistance also provided to the informant, including but not limited to, assistance in avoiding or minimizing harm from charges pending against the informant, such status having existed either at the time of the offense or any other time through the day of trial;

    (4) all benefits or promises of benefit or statements that benefit would not be provided without cooperation that were made to the informant in connection with this case, whether or not fulfilled. "Benefits" refers to any monetary compensation, assistance of the prosecutor or the Court concerning pending charges against the informant, or any other sort of consideration of value.

    (5) the nature of assistance provided in the past, including the number of occasions and form of help. See, <u>United States v. Bagley</u>, 105 S.Ct. 3375(1965); <u>Springer v. United States</u>, 388 A.2d 846 (D.C. 1978).

(i) Identification: The names and addresses of any person(s) who:

   (1) identified some person other than the defendant as a perpetrator of the alleged offense. See Cannon v. Alabama, 558 F.2d 1211 (5th Cir. 1977), cert. denied, 434 U.S. 1089 (1978); Grant v. Alldredge, 498 F.2d 376 (2nd Cir. 1974).

   (2) who failed to identify the defendant as the perpetrator of the alleged offense when ask to do so and any identification procedure. See, Gibson v. United States, 566 A.2d 473 (D.C. 1989).

   (3) failed to identify the defendant as a perpetrator of the alleged offense when asked to do so in any identification procedure. See United States ex rel. Meers v. Wilkins, 326 F.2d 135 (2nd. Cir. 1964);

   (4) gave any description(s) of the perpetrator of the alleged offense which in some material respect, e.g., height, weight, clothing, race, complexion, age, etc., differs from the defendant. See Frezzell v. United States, 380 A.2d 1382, 1385 (D.C. 1977), cert. denied 436 U.S. 931. (1978); See also Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968).

(j) Any other information in the possession of the government that is favorable to the defense, whether or not technically admissible in court, and which is material to the issues of guilt and/or punishment.

(k) The names and addresses of all persons who could contradict or impeach any government testimony or other evidence or who do not fully corroborate the government's case or would serve to contradict or impeach the government's evidence. See Giles v. Maryland, 386 U.S. 66 (1967); Gibson v. United States, 566 A.2d 473 (D.C. 1989).

(l) For any police officer or law enforcement official that may be called as a witness by the government, I request the following information:

   1) A list of all complaint letters during tenure of service with MPD or any law enforcement agency.

   2) A list of all Citizen Complaint reports (PD Form 99) filed during tenure of service with MPD or respective law enforcement agency.

   3) A list of all Citizen Complaint Review Board (CCRB) cases, handled by the CCRB or transferred from the CCRB to the MPD for investigation and resolution pursuant to Special Order 95.10 of the MPD.

   4) A list of all dates of discipline by the MPD or other relevant authorities.

   5) A copy of the logbook of Internal Investigations, Office of Professional Responsibility, for the years when a member of the MPD.

   6) Any entries made in the MPD Early Tracking System.

7) A list of all PD 150a's, and copies of the PD150a's thereof, for incidents involving that officer.

8) Any and all e-mail messages sent via the Mobile Digital Computers by any officer involved in this case which contain references to race, gender, sexual orientation, religion, or any other classification, or which may otherwise contain offensive, objectionable, or derogatory comments. I also request the names and e-mails for any officers involved in this case who are being investigated in connection with e-mail transmissions. This request includes, but is not limited to, any e-mail transmissions regarding the event at issue in this case.

(m) Pursuant to the ABA Standards for Criminal Justice, § 11-2.2 (The Prosecution Function), and the principles enunciated in United States v. Hinton, 203 U.S. App. D.C. 187, 197-98, 631 F.2d 769, 779-80 (1980), I request early disclosure of all Jencks material, so that any issues concerning disclosure may be resolved in advance, counsel will have adequate time to review the material, and there will no delay of court proceedings while counsel reviews the material, considers any discovery or Brady ramifications, and prepares to use the material in cross-examination. To single out one recurring problem, tapes of radio communications take quite a lot of time to listen to and/or transcribe, as we am sure you have also discovered. I also request that you diligently preserve all Jencks material.

(n) All information pertaining to perjury by any government witness at any time, whether or not adjudicated and whether or not in connection with this case and all information that any government witness has made prior false accusations, including but not limited to prior complaints to the police or law enforcement agencies that did not result in a conviction. See Mooney v. Holohan, 294 U.S. 103 (1935); Sherer v. United States, 470 A.2d 732 (D.C. 1983) cert. denied, 469 U.S. 931 (1984).

(o) Any information regarding any prior "bad act" of a government witness which may bear upon the veracity of the witness with respect to the issues involved in the trial. See Lawrence v. United States, 482 A.2d 374 (D.C. 1984), Galindo v. United States, 630 A.2d 202 (D.C. 1993).

(p) All other information tending to show a government witness' bias in favor of the government or against the defendant or which otherwise impeaches a witness' testimony (including C.C.R.B. complaints against police officers and closed C.C.R.B. cases whether resolved for or against the officer, that involves facts similar to those of this case). See United States v. Bagley,  473 U.S. 667 (1985); Jenkins v. United States, 617 A.2d 529 (D.C. 1992).

(q) Any and all records and information revealing prior misconduct or bad acts attributed to any witness.

(r) Plea agreements for all witnesses.

(s) Any and all prosecutions, investigations, or potential prosecutions pending or which

8

could be brought against the witness, and any criminal, civil, immigration, tax court, court of claims, administrative, or other pending potential legal disputes or transactions.

(t) The existence and identification of each occasion on which the witness has testified before any court, grand jury, or other tribunal or body or otherwise narrated in relation to the Defendant, the investigation, or the facts of the case.

(u) The existence and identification of each occasion on which each witness who is an informer, accomplice, co-conspirator, or expert has testified before any court, grand jury, or other tribunal or body.

I would ask that all Brady be disclosed in a timely manner. With respect to each of these witnesses in the categories listed above, I request that you provide me with their names, dates of birth, social security numbers, present locations, as well as any written or otherwise recorded material including notes, police reports, witness statements, grand jury testimony or the like, which memorialize the above Brady information.

9.   CIVILIAN WITNESSES

I am requesting that you provide me with any Giglio information that you have on any civilian witnesses that may be testifying at trial. Additionally, I am requesting any evidence that is known to the government or can be discovered by the government that would be discoverable Brady material. I would also note for you that I am making a specific request under Kyles v. Whitley, 115 S.Ct. 1555 (1995), imposing upon law enforcement and the prosecutor a "Duty to Learn" favorable information relating to the defendant.

To that end I would request that all officers and investigative agencies concerned with this case make certain that I am apprized, in writing, of any information or any evidence that has come to light that might me viewed in anyway as "favorable" to my client. This includes information that is favorable to the defendant on the issues of suppression, guilt, and\or punishment from both a substantive perspective and as impeachment information and material tending to discredit the government's witnesses.

I am requesting not only any notes, documents, or physical evidence that might contain discoverable evidence, but also that you memorialize and provide me with any such information that has not yet been reduced to writing. This request continues until and throughout the trial should one occur. Please supply any new information as you become aware of it.

In addition to my previous discovery requests, I am requesting, pursuant to the dictates of Kyles v. Whitley, 115 S.Ct. 1555 (1995), Brady v. Maryland, 373 U.S. 83 (1963), United States v. Agurs, 427 U.S. 97 (1976), United States v. Bagley, 473 U.S. 667 (1985), and Fed. R. Crim. P. 16, for disclosure of the following specific information and material known or that with the exercise of due diligence should be known to the government. The following documents and information regarding the informant(s) or cooperating witness(es) in this case are requested:

A. The name and address of each cooperating witness;

B. The case number and name of the prosecutions in which the cooperating witness utilized in this case has previously been utilized as a cooperating witness; and any transcripts you have of

9

any government cooperator witness(es) you plan on calling in the above captioned matter, who has previously testified in their capacity as a government cooperator witness in other matters

C. The case names and numbers of any trials or evidentiary hearings at which the cooperating witness has testified concerning his own prior criminal activity, payments or rewards provided him by the government, efforts made to induce others to participate in criminal activity, or other purported law enforcement-related matters;

D. Any ledger, sheet, or other document which details the sums paid or benefits provided to the cooperating witness or his family in this and other cases in which the informant assisted the government and the purpose of each such payment;

E. Any information, whether or not memorialized in a memorandum, agent's report or other writing, regarding promises of consideration[1], immunity, leniency, preferential treatment or other inducements made to the cooperating witness or any family member, friend or associate of the informant in exchange for the informant's cooperation, including the dismissal or reduction of charges, assisting in matters of sentencing or deportation, promises or expectancies regarding payments for expenses or testimony or eligibility for any award or reward; In addition to information regarding payments, promises of immunity, leniency, preferential treatment or other inducements made to the government witnesses, any records or information regarding payments, promises of immunity, leniency, preferential treatment offered or afforded to any family member, friend or associate of any prospective witness in exchange for said witness cooperation.

F. Any information or records concerning any actual or implied threats of investigation or prosecution (including deportation, exclusion, etc., by INS) made by the government to any prospective government witness or family member or associate of the witness, including information as to the underlying conduct precipitating such investigations.

G. Any statement made, information or document provided by a prospective government witness that conflicts in part or in whole with: (1) the statement of another prospective witness, (2) a prior statement made by the same government witness with regard to the subject matter of the expected trial testimony of witness, or (3) any other document or witness.

H. The name and current whereabouts of any witness to the underlying events of this case whom the government does not anticipate calling as a witness at trial and a copy of any statement made by or summary of an interview with such a witness.

I. Any report, document or information which details the criminal activities of the cooperating witness which were undertaken by him without the authority or approval of the government, but for which the government has elected, formally or informally, not to prosecute;

---

[1] By "consideration", I refer to absolutely anything of value or use, including but not limited to criminal, civil or tax immunity grants, assistance or favorable treatment or recommendations with respect to any criminal, civil, immigration, tax court, court of claims, administrative or other legal disputes with the government or any other parties, payment of money or fees, witness fees and special witness fees, provisions of food, clothing, shelter, transportation or other like benefits, placement in a "witness protection program", and anything else which could arguably reveal an interest or bias in the witness in favor of the government or against the defense or act as an inducement to testify or to color testimony.

10

J. FBI rap sheet, NCIC printout, NADDIS, EPIC, NLETS, ATS, TECS, and any other records available to the government reflecting the arrest, conviction and investigative history of the cooperating witness;

K. Information concerning prior misconduct by the cooperating witness in the performance of his role as an informant including: any prior refusal of the informant to testify for or assist the government; any prior allegation that the informant entrapped another person to commit an offense or made false statements in connection with a criminal investigation; and any prior "blackballing" of the informant by any law enforcement agency;

L. Information concerning misconduct by the cooperating witness other than in his role as an cooperating witness, including misconduct that reflects a lack of candor, truthfulness or law-abiding character of the informant, such as uncharged criminal conduct or fraud;

M. All information, records and transcripts which in any way indicate or reveal that any prospective government witness, in connection with this or any other case, has provided untruthful, false, misleading, incomplete, or inaccurate information or testimony to:

    1. Any state or federal law enforcement officer or agency,

    2. Any state or federal grant jury,

    3. Any state or federal trial court while testifying at trial and/or any related or preliminary proceeding;

N. Information reflecting the nature and extend of assets obtained by the informant in connection with his illegal activities;

O. Any "records" maintained by law enforcement agencies relating to the cooperating witness utilized in this case, including records that the witness was:

    1. Given a code name,

    2. Given assumed/false identify,

    3. Reasons for cooperation,

    4. Given a polygraph examination,

    5. Briefed on entrapment,

    6. Contracts executed with any law enforcement agency,

    7. Any release forms executed by the witness,

    8. Records revealing the witness was advised to pay Federal Income Taxes,

    9. Records that he could not violate the law,

    10. Records which require him to protect his false identity,

    11. Records that the witness cannot use any illegal drugs,

    12. Records that the witness consented to recording any conversation with any party;

P. If given a polygraph exam, the results of any polygraph examination performed on any potential government witness as well as any information concerning the failure of any potential government witness to submit to a polygraph examination;

Q. Any government agency files or other information revealing matters relevant to the cooperating witness' credibility, mental or physical health, narcotic or alcohol use, or any other dependency;

R. All information and records revealing any potential impairment of the capacity of any prospective government witness to observe, recollect and testify about the events giving rise to the charges filed in this case including impairments or sight, hearing, memory, language, or any other physical or psychological disability;

S. All information and records indicating that any prospective government witness (1) may have suffered from any mental or emotional disease, disorder, illness, or defect at any time during the time span alleged in the indictment filed in this case, or (2) sought or received treatment for any such mental or emotional disease, disorder, illness or defect at any time within the past five years;

T. All information and records indicating that the prospective government witness (1) may have used cocaine, marijuana, another controlled substance, used alcohol to excess at any time during the time span alleged in the indictment filed in this case, or (2) sought to received treatment for any substance abuse problem (including alcohol) at any time within the past five (5) years;

U. Applicable records of the United States Probation, CSOSA or probation department if the witness has been placed on probation or a Pre-Sentence Investigation "PSI" has been conducted.

V. All written or recorded statements and oral statements made by co-conspirators, whether or not to be called at trial. United States v. Madeoy, 652 F.Supp. 371 (DDC 1987); United States v. Jackson, 757 F.2d 1486 (4th Cir.); United States v. Turkish, 458 F.Supp. 874 (S.D.N.Y. 1978); Fed.R.Evid. 801(d)(2)(E).

W. All institutional records on any witness incarcerated during or since the alleged offense, including but not limited to visitation records, disciplinary records, and commissary records.

10.    OTHER REQUESTS

    The names and addresses of all government witnesses.

    I request to be informed of any plea offer in this case.

CONCLUSION

    For purposes of this letter and any related litigation, "information" refers to all documentary, tangible, or oral material, including, but not limited to, statements by witnesses, whether or not recorded or otherwise memorialized, grand jury testimony, and such reports of

investigation or personal notes of investigators. Such information is "known" to the government if known to you personally or known to any other prosecutor or law enforcement agent, or is information which you could acquire actual knowledge of through the exercise of due diligence in responding to these inquiries. If such information is disclosed by you, please disclose all supporting documents or objects as well as the names and addresses of all witnesses having knowledge of the information disclosed. If you elect not to disclose the exculpatory information requested herein until the day of trial, please advise me of that decision promptly, and secure the presence at trial of witnesses having such knowledge, so that delay of the trial will not be necessary.

Finally, as you know, the duty to disclose is an ongoing one, continuing until final disposition of the case. If, prior to or during trial, you discover additional evidence or material previously requested or ordered, which is subject to discovery or inspection under the rules, you should promptly notify me of the existence of the additional evidence or material.

If you have any questions or require any clarifications as to any of my requests or the information contained in this letter please contact me as soon as possible. Your prompt attention to these matters will be appreciated.

Sincerely,

JENIFER WICKS