**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | :   **05-278 (CKK)** |
| **v.** | : |
| | : |
| **RICO THOMAS** | : |
| | : |

**MOTION TO SUPPRESS TANGIBLE EVIDENCE**
**AND INCORPORATED MEMORANDUM OF POINTS**
**AND AUTHORITIES IN SUPPORT THEREOF**

Rico Thomas, by and through undersigned counsel, respectfully requests this Honorable

Court, pursuant to Federal Criminal Rule of Criminal Procedure 12, 41, and 47, and the Fourth,

Fifth, and Sixth Amendments and the Due Process Clause of the United States Constitution, to

suppress evidence seized in violation of Mr. Thomas' rights. Counsel requests a hearing on this

motion. In support of this motion, counsel avers the following:

1.      Mr. Thomas is charged by indictment with unlawful possession of a firearm and

ammunition by a convicted felon.

2.      On June 29, 2005, at approximately 1210 pm in the 3600 block of Alabama Avenue

SE in Washington, DC, law enforcement officers unlawfully stopped, seized and detained Mr.

Thomas and subsequently searched Mr. Thomas's vehicle. Law enforcement officers seized

evidence (weapon, ammunition, arrest photo) that the government seeks to admit at trial in this

matter. Because these police actions were done without a warrant, the government bears the

burden of establishing reasonable articulable suspicion for the stop of Mr. Thomas, the frisk of

Mr. Thomas, and probable cause for the arrest of Mr. Thomas and search of the vehicle. *See*

*United States v. Watson*, 423 U.S. 411, 432 n.5 (1976) (Powell, J., concurring) (emphasizing the

Supreme Court's "long-standing position that [a warrantless] arrest should receive careful judicial

scrutiny if challenged"}; *Henry v. United States*, 361 U.S. 98, 102 (1959) (probable cause requirement "strictly enforced").  An evidentiary hearing on this motion will show that the government cannot meet this burden.  After illegally arresting Mr. Thomas, the police allegedly recovered evidence, which the government seeks to introduce against him at trial.  It is settled law that all fruits of an illegal arrest must be suppressed.  *Wong Sun v. United States*, 371 U.S. 471, 483 (1963) (all evidence "come at by the exploitation of that illegality must be suppressed").  Because the tangible evidence directly resulted from Mr. Thomas' illegal arrest, the evidence should be suppressed.

3.     Counsel is also moving the Court to suppress any evidence obtained as the fruit of any of this impermissibly obtained evidence.

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
## FOURTH AMENDMENT ARGUMENT

In the case before the Court, the police officers acted without the authority of a warrant and as a result, the government bears the burden of establishing reasonable articulable suspicion for the stop of Mr. Thomas, any subsequent frisk, search and seizure of tangible evidence from Mr. Thomas and his vehicle.  See *United States v. Watson*, 423 U.S. 411, 432 n.5 (1976) (Powell, J., concurring emphasizing the Supreme Court's long standing "position that [a warrantless] arrest should receive careful judicial scrutiny if challenged"; *Henry v. United States*, 361 U.S. 98, 102 (1959) (probable cause requirement "strictly enforced").  An evidentiary hearing on this motion will show that the government cannot meet this burden.

In order to justify a stop or another comparable detention, the police must have "a particularized and objective basis for suspecting the particular person stopped of criminal activity." *United States v. Cortez*, 449 U.S. 411, 417-18 (1981).  Any brief encounter between a

citizen and a police officer outside of a residence, is governed by *Terry v. Ohio*, 392 U.S. 1, 88

S.Ct. 1868, 20 L.Ed.2d 889 (1968), under which an officer who has a reasonable, articulable

suspicion that criminal activity is afoot may conduct a brief, investigatory stop. While

"reasonable suspicion" is a less demanding standard than probable cause, there must be at least a

minimal level of objective justification for the stop.  Furthermore, "whether it is proper to make a

protective search incident to stopping for investigation is a question separate from the

issue...whether it is permissible to stop the suspect; not all stops call for a frisk."  3 Wayne R.

LaFave, *Search and Seizure: A Treatise on the Fourth Amendment*, 9.4(a), at 505 (2d ed. 1987).

Additionally, proportionality is the key to the reasonableness of a Fourth Amendment

intrusion.  A seizure must be "reasonably" related in scope to the justification for is initiation.

*Terry*, 392 U.S. at 29.   A frisk is an additional and more intrusive seizure, which is warranted

only if the officer "has reason to believe that he is dealing with an armed and dangerous

individual".  *Terry v. Ohio*, 392 U.S. 1, 127 (1968).

Warrantless searches and seizures are per se unlawful.  *Coolidge v. New Hampshire*, 403

U.S. 443, 454-55 (1971). Where the government seeks to introduce evidence seized without a

warrant, it has the burden of showing that the evidence falls within one of the "few specifically

defined and well delineated exceptions" to the warrant requirement of the Fourth Amendment.

*Katz v. United States*, 389 U.S. 347,357 (1967); *Coolidge v. New Hampshire*, 403 U.S. 443, 454-

55 (1971).  Absent a showing of such an exception, the evidence obtained by the arrest of Mr.

Thomas must be suppressed, along with all fruits of the seizure and arrest.  *Wong Sun v. United*

*States*, 371 U.S. 471 (1963).

When illegally detaining Mr. Thomas and illegally searching his vehicle, the police

allegedly recovered evidence, which the government seeks to introduce against him at trial.  It is

settled law that all fruits of an illegal arrest (detention) must be suppressed. *Wong Sun v. United States*, 371 U.S. 471, 483 (1963) (all evidence "come at by the exploitation of that illegality must be suppressed"); the tangible evidence that the government now seeks to introduce is a fruit of that illegal arrest and therefore the evidence should be suppressed.

## CONCLUSION

For the foregoing reasons and any other, which may appear at a hearing on this motion, the tangible evidence allegedly obtained from Mr. Thomas must be suppressed because it was obtained in violation of Mr. Thomas's constitutional rights.

Respectfully submitted,


_____
JENIFER WICKS
DC Bar 465476

The Law Offices of Jenifer Wicks
The Webster Building
503 D Street NW Suite 250A
Washington, DC 20001
(202) 326-7100
Facsimile (202) 478-0867
JWicksLaw@aol.com