UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Criminal No. 05-278 (CKK) |
| | : |
| MICHAEL L. JACKSON | : |

**DEFENDANT'S MOTION TO SUPPRESS**
**<u>PHYSICAL EVIDENCE</u>**

    Mr. Jackson, the defendant, through undersigned counsel, respectfully moves this Court, pursuant to the Federal Court Rules of Criminal Procedure and the Fourth Amendment and Fifth Amendments to the United States Constitution, to suppress the use as evidence, all physical evidence seized in this case and any and all statements made at or about the time of his arrest. A hearing is requested on this motion.

    In support of this motion, counsel states:

    1. Mr. Jackson is charged with the offense of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year in violation of Title 18, United States Code, Section 922 (g)(1).

    2. During the course of the investigation of this case the police searched a car. This search was conducted without a warrant. The police also questioned the defendant at the scene of his arrest and at the police station but he made no statements to the

police.

3. The police had no basis to search the defendant and he did not consent to a search of his person or the car he was riding in on July 29, 2005. The arrest and search of the defendant were not based on probable cause. The search of the defendant was conducted without a warrant.

WHEREFORE, for the foregoing reasons, and for such other reasons as may appear at a hearing on this Motion.

Respectfully submitted,

_____
Douglas J. Wood
#965830
Suite 202
6801 Kenilworth Avenue
Riverdale, Maryland - 20737
(301) 699-0764

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant's Motion to Suppress Evidence and attached Memorandum of Points and Authorities in Support of Defendant's Motion to Suppress has been mailed to Lionel Andre in the Office of the United States Attorney, 555 Fourth Street, N.W., Washington, D.C. 20530, this 26th day of August, 2005.                                    _____
Douglas J. Wood

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 05-278 (CKK) |
| | : | |
| MICHAEL L. JACKSON | : | |

**MEMORANDUM IN SUPPORT OF MOTION TO
SUPPRESS  PHYSICAL EVIDENCE**

When the police confronted the defendant on June 29, 2005, and searched him. The police then searched the defendant and found a gun in a car.

The defendant now moves to suppress any and all evidence found on his person as well as any and all evidence found inside of the car.

The Supreme Court has held that, "searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment -- subject only to a few specifically established and well delineated exceptions." **Katz v. United States**, 389 U.S. 347, 357 (1967) (footnote omitted).  Here, the police officers acted without the authority of a warrant.  The circumstances of the search of Mr. Jackson  do not meet any of the exceptions to the warrant requirement.  Therefore, the search was illegal.

Where the government seeks to introduce evidence seized without a warrant, it has the burden of showing that the evidence falls within one of the "few specifically

established and well delineated exceptions" to the warrant requirement of the Fourth Amendment.  **Coolidge v. New Hampshire**, 403 U.S. 443, 455 (1971); **Katz v. United States**, 389 U.S. 347, 357 (1967).  Absent a showing of an exception to the warrant requirement, the evidence seized from Mr. Jackson must be suppressed.

The evidence must also be suppressed as the fruit of the unlawful warrantless arrest of Mr. Jackson.  **Wong Sun v. United States**, 371 U.S. 471, 488 (1963) (if the evidence has been obtained through the exploitation of a Fourth Amendment violation the evidence must be suppressed).  Probable cause is an essential prerequisite to an arrest.  **Dunaway v. New York**, 442 U.S. 200, 213 (1979).  The police officer did not have probable cause to arrest or reasonable articulable suspicion to stop Mr. Jackson.

This seizure was made without the defendant having first committed a crime and was without any legal justification. The warrantless arrest and search of Mr. Jackson was unlawful.  The evidence seized must be suppressed as the fruit of the unlawful arrest.

## CONCLUSION

For the foregoing reasons and any others which may appear at a hearing on this motion, the statement allegedly obtained from Mr. Jackson must be suppressed because it was obtained in violation of Mr. Jackson's Fourth and Fifth Amendment rights.

Respectfully submitted,

_____
Douglas J. Wood
Attorney for Mr. Jackson
Roberts & Wood
Suite 202
6801 Kenilworth Avenue
Riverdale, Maryland - 20737
(301) 699-0764.