UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | 05-cr-278 (CKK) |
| v. : | |
| : | |
| RICO THOMAS : | |
| : | |

MOTION TO SUPPRESS STATEMENT EVIDENCE
AND INCORPORATED MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF

Rico Thomas, by and through undersigned counsel, respectfully requests this Honorable Court, pursuant to Federal Criminal Rule of Criminal Procedure 12, 41, and 47, and the Fourth, Fifth, and Sixth Amendments and the Due Process Clause of the United States Constitution, to suppress statement[1] evidence seized in violation of Mr. Thomas' rights. Counsel requests a hearing on this motion. In support of this motion, counsel avers the following:

1. Mr. Thomas is charged by indictment with unlawful possession of a firearm and ammunition by a convicted felon.

2. On June 29, 2005, on Alabama Avenue, SE in Washington, DC, law enforcement officers unlawfully stopped, seized, and detained Mr. Thomas. Without probable cause or a reasonable articulable suspicion, law enforcement officers seized statement evidence that the government seeks to admit at trial. Because these police actions were done without a warrant, the government bears the burden of establishing reasonable articulable suspicion for the stopand seizure of this evidence from Mr. Thomas. See United States v. Watson, 423 U.S. 411, 432 n.5 (1976) (Powell, J., concurring) (emphasizing the Supreme Court's "long-standing position that [a

---

[1] Counsel requests leave of the Court to file this out of time with the Court's oral order regarding filing of pretrial motions. On October 3, 2005, counsel was advised of four statements made by Mr. Thomas, previously having been

warrantless] arrest should receive careful judicial scrutiny if challenged"}; Henry v. United States, 361 U.S. 98, 102 (1959) (probable cause requirement "strictly enforced").  An evidentiary hearing on this motion will show that the government cannot meet this burden.  After illegally arresting Mr. Thomas, the police allegedly recovered evidence, which the government seeks to introduce against him at trial.  It is settled law that all fruits of an illegal arrest must be suppressed.  Wong Sun v. United States, 371 U.S. 471, 483 (1963) (all evidence "come at by the exploitation of that illegality must be suppressed").  Because the tangible evidence directly resulted from Mr. Thomas' illegal arrest, the evidence should be suppressed.

    3.    The government seeks to introduce statements that Mr. Thomas made on June 29, 2005 while he was in police custody.  Counsel seeks to suppress any statements that Mr. Thomas allegedly made while in custody.  Mr. Thomas was not properly advised of his rights under Miranda.  His statements were made in violation of his constitutional rights and involuntarily made due to the circumstances, tricks, and coercive conditions of his custodial interrogation, as he was forced to speak with police officers in the presence of the man that he had just claimed to have kidnapped him at gunpoint.

    4.    Counsel is also moving the Court to suppress any evidence obtained as the fruit of any of this impermissibly obtained evidence.

**MEMORADUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**FOURTH AMENDMENT ARGUMENT**

In the case before the Court, the police officers acted without the authority of a warrant and as a result, the government bears the burden of establishing reasonable articulable suspicion for the stop of Mr. Thomas, any subsequent frisk, search and seizure of the statement evidence

---

advised that there were none known.  Counsel has not yet been provided with a copy of the videotaped statement

from Mr. Thomas.  See <u>United States v. Watson</u>, 423 U.S. 411, 432 n.5 (1976) (Powell, J., concurring emphasizing the Supreme Court's long standing "position that [a warrantless] arrest should receive careful judicial scrutiny if challenged"; <u>Henry v. United States</u>, 361 U.S. 98, 102 (1959) (probable cause requirement "strictly enforced").  An evidentiary hearing on this motion will show that the government cannot meet this burden.

In order to justify a stop or another comparable detention, the police must have "a particularized and objective basis for suspecting the particular person stopped of criminal activity."  <u>United States v. Cortez</u>, 449 U.S. 411, 417-18 (1981).  Any brief encounter between a citizen and a police officer outside of a residence, is governed by <u>Terry v. Ohio</u>, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), under which an officer who has a reasonable, articulable suspicion that criminal activity is afoot may conduct a brief, investigatory stop. While "reasonable suspicion" is a less demanding standard than probable cause, there must be at least a minimal level of objective justification for the stop.  Furthermore, "whether it is proper to make a protective search incident to stopping for investigation is a question separate from the issue...whether it is permissible to stop the suspect; not all stops call for a frisk."  3 Wayne R. LaFave, <u>Search and Seizure: A Treatise on the Fourth Amendment</u>, 9.4(a), at 505 (2d ed. 1987).

Additionally, proportionality is the key to the reasonableness of a Fourth Amendment intrusion.  A seizure must be "reasonably" related in scope to the justification for is initiation.  <u>Terry</u>, 392 U.S. at 29.  A frisk is an additional and more intrusive seizure, which is warranted only if the officer "has reason to believe that he is dealing with an armed and dangerous individual".  <u>Terry v. Ohio</u>, 392 U.S. 1, 127 (1968).

Warrantless searches and seizures are <u>per</u> <u>se</u> unlawful.  <u>Coolidge v. New Hampshire</u>, 403 U.S. 443, 454-55 (1971). Where the government seeks to introduce evidence seized without a

---

and requests further leave upon receipt of that evidence if necessary.

warrant, it has the burden of showing that the evidence falls within one of the "few specifically defined and well delineated exceptions" to the warrant requirement of the Fourth Amendment. Katz v. United States, 389 U.S. 347,357 (1967); Coolidge v. New Hampshire, 403 U.S. 443, 454-55 (1971).  Absent a showing of such an exception, the evidence obtained by the arrest of Mr. Thomas must be suppressed, along with all fruits of the seizure and arrest.  Wong Sun v. United States, 371 U.S. 471 (1963).

When illegally detaining Mr. Thomas, the police allegedly recovered evidence, which the government seeks to introduce against him at trial.  It is settled law that all fruits of an illegal arrest (detention) must be suppressed.  Wong Sun v. United States, 371 U.S. 471, 483 (1963) (all evidence "come at by the exploitation of that illegality must be suppressed"); the tangible evidence that the government now seeks to introduce is a fruit of that illegal arrest and therefore the evidence should be suppressed.

## FIFTH AND SIXTH AMENDMENT ARGUMENT

### A. THE STATEMENTS SHOULD BE SUPPRESSED DUE TO THE IMPROPER MIRANDIZING OF MR. THOMAS

In Miranda v. Arizona, 384 U.S. 436 (1966), the Supreme Court decided that certain prophylactic warnings are necessary in order to safeguard a defendant's right against self-incrimination. The Court held that the prosecution may not use an incriminating statement that the defendant made during a custodial interrogation[2] unless the prosecution demonstrates that (1) the defendant was informed that he had the right to remain silent, anything he said could be used against him, he had the right to have an attorney present, and if he could not afford an attorney one would be appointed for him; and (2) the defendant waived these rights. Id. at 479.

---

[2] One is in custody if he is "deprived of his freedom of action in any significant way." Miranda, 384 U.S. at 344. The Court must look to whether a reasonable person would have felt free to end the encounter, under the totality of the circumstances. Michigan v. Chesternut, 486 U.S. 567, 572-73 (1988).

If a person in custody indicates that he wants to remain silent he may not be questioned further unless he initiates communication, or (1) a significant period of time has passed after the initial questioning ceased, (2) the suspect is given a fresh set of Miranda warnings, and (3) the second interrogation concerns a crime that was not a subject of the first interrogation. Michigan v. Mosley, 423 U.S. 96, 106 (1975). If the suspect invokes the right to counsel, questioning may resume when an attorney has been provided or the suspect has knowingly and voluntarily relinquished his right to counsel. Edwards v. Arizona, 451 U.S. 477, 482 (1981).

Any statement made in police custody, in response to questions, is inadmissible unless the record clearly shows that the entire series of warnings was provided and that the defendant knowingly and intelligently waived these rights. The government has the burden of showing that any waiver of rights was knowingly, voluntary and intelligent. Because Mr. Thomas did not knowingly, voluntarily or intelligently waive his Miranda rights, his statements should be suppressed, as well as any fruit of this violation of his constitutional rights.

**B.   THE STATEMENTS SHOULD BE ALSO BE SUPPRESSED FOR BEING THE INVOLUNTARY STATEMENT OF MR. SOUTHERLAND**

The test for voluntariness is whether the statement is "the product of an essentially free and unconstrained choice by it's maker." Schneckloth v. Bustamonte, 412 U.S. 218, 225 (1973). The specific issue of whether a statement is voluntary is not answered by compliance or noncompliance with the requirements of Miranda v. Arizona, 384 U.S. 436 (1966). The Court must also consider whether the statement was involuntary within the meaning of the due process clause. That provision of the Constitution requires that a statement be voluntary quite apart from whether or not Miranda's prophylactic procedures are followed. A defendant's statement is inadmissible as a matter of due process if under the totality of circumstances it was involuntarily obtained (for example, if the police beat a confession out of an individual after he validly waives

his Miranda rights). See, e.g., Miller v. Fenton, 474 U.S. 104 (1985); United States v. Yunis, 859 F.2d 953, 961 (D.C. Cir. 1988).

The inquiry whether a wavier of Miranda is coerced has "two distinct dimensions." First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather then intimidation, coercion, or deception. Second, the waiver must have been made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it. Colorado v. Spring, 479 U.S. 564, 573 (1987); Moran v. Burbine, 475 U.S. 412, 421 (1986).

The Court must determine whether Mr. Thomas' statement was "the product of an essentially free and unconstrained choice by its maker," Culombe v. Connecticut, 367 U.S. 568, 602 (1961), and to do so upon a view of the "'totality of the circumstances.'" Wyrick v. Fields, 459 U.S. 42, 47 (1982) (quoting Edwards v. Arizona, 451 U.S. 477, 483 (1981)). In considering whether the government has satisfied its burden, the Court must consider, inter alia, the intellectual capacity and education of the accused, and intoxication, as well as the length of the interrogation and other coercive circumstances such as threats, promises or trickery. See Sims v. Georgia, 389 U.S. 404 (1967); Beecher v. Alabama, 389 U.S. 35, 38 (1967); Townsend v. Sain, 372 U.S. 293, 307-09 (1963).

## **CONCLUSION**

For the foregoing reasons and any other, which may appear at a hearing on this motion, the statement evidence allegedly obtained from Mr. Thomas must be suppressed because it was obtained in violation of Mr. Thomas' constitutional rights.

Respectfully submitted,

_____
JENIFER WICKS
Bar No. 465476

Law Offices of Jenifer Wicks
The Webster Building
503 D Street, N.W.
Suite 250A
Washington, D.C. 20001
(202) 326-7100