UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : 05-cr-278 (CKK) |
| v. | : |
| | : |
| RICO THOMAS | : |
| | : |

**MOTION TO SEVER TRIALS AND INCORPORATED MEMORANDUM OF LAW**

    Rico Thomas respectfully moves to sever his trial from the trial of his codefendant Michael Jackson pursuant to Federal Rule of Criminal Procedure Rule14.

    In support of this motion counsel states:

    1.    Mr. Thomas is before this court charged by indictment with possession of a firearm by a felon.

    2.    The government will apparently seek to introduce statements made by both Mr. Thomas and his codefendant Michael Jackson in this joint trial. Counsel was provided with the videotaped statements on October 14, 2005.

    3.    Severance of the defendants is required because in a joint trial Mr. Thomas would be unfairly implicated by out-of-court actions made by co-defendant.

    While on their face, the two statements appear to present a united picture, counsel submits that small discrepancies could result in unfair evaluation of the credibility of each defendant. Also, such evidence from another person, ie a nontestifying person, is simply inadmissible against Mr. Thomas, whether is corroborates his story or someone else's. Likewise, if the jury, in evaluating Mr. Jackson's statement thought he was lying, since Mr. Thomas gave a similar version, this could also be held against Mr. Thomas. Mr. Jackson also directly implicates Mr. Thomas as the reason why the two of them would be targeted to be carjacked - this is simply inadmissible against Mr. Thomas. (Likewise, counsel also thinks many

1

portions of Mr. Thomas' statement are not admissible in this trial as they are irrelevant and not competent evidence for a trial, for example, Detective Truesdale's opinions expressed and Mr. Thomas' comments on his past). Additionally, at one point in this statement, Mr. Jackson appears to be directly stating that the gun is Mr. Thomas'.

The Court must sever Mr. Thomas' case from his co-defendant because the use of his statement, even if redacted to exclude any reference to Mr. Thomas, would unduly prejudice Mr. Thomas in violation of his Sixth Amendment right to confront witnesses against him.

Also, there is no way to redact this statement which will not, in context, result in the jury using these out-of-court action, directly implicating Mr. Thomas, by corroborating the evidence presented by live witnesses, without providing him with a right to confront that evidence against him.

4.    Moreover, severance is also required due to high likelihood of further prejudice from the possible presentation of conflicting and irreconcilable defenses. Mr. Thomas' defense is that he never had possession of the firearm found in his vehicle. Notwithstanding the videotaped statements, the gun is found next to where Mr. Jackson was last sitting and Mr. Thomas' alleged first statement to Officer Howard also implicates Mr. Jackson's possession of that gun. Counsel also notes that in his statement, at one point Mr. Jackson indicates that the gun is Mr. Thomas'.

**MEMORANDUM OF LAW**

MR JACKSON'S STATEMENT

The Court must sever Mr. Thomas's case from his co-defendant because the use of his statement would unduly prejudice Mr. Thomas in violation of his Sixth Amendment right to confront witnesses against him. Also, there is no way to redact this statement which will not, in context, result in the jury using these out-of-court statements against Mr. Thomas.

*Bruton v. United States*, 391 U.S. 123 (1968) requires a severance of defendants when a joint trial would result in the admission of a codefendant's statement implicating the defendant if the codefendant does not testify. Even if the codefendant who makes the statement does testify, the use of such a statement to impeach the codefendant violates the rule against the admission of hearsay, and requires a severance or where feasible, redaction to avoid any prejudice to the defendant. *See Carpenter v. United States*, 430 A.2d 496 (D.C. 1981)(en banc); *Lemon v. United States*, 564 A.2d 1368, 1372 (D.C. 1989).

The *Bruton* doctrine has evolved to preclude a joint trial of Mr. Thomas and his co-defendant. The Supreme Court has ruled that a codefendant's statement need not explicitly damn the defendant to violate *Bruton*. *Richardson v. Marsh*, 481 U.S. 200 (1987). The Court also repudiated the "interlocking confessions" exception to the *Bruton* rule endorsed by a plurality in *Parker v. Randolph*, *Cruz v. New York*, 481 U.S. 216 (1987).

The Sixth Amendment to the United States Constitution guarantees the right of criminal defendants to confront and cross-examine witnesses against them. *See, e.g., Davis v. Alaska*, 415 U.S. 308, 316 (1974). The Supreme Court has recently clarified that out-of-court statements that are testimonial are barred by the Sixth Amendment unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine the witness. *Crawford v. Washington*, 541 U.S. ___, 124 S.Ct. 1354 (2004). A primary evil targeted by the Supreme Court in *Crawford* is exactly the sort of *ex parte* affidavit that the government seeks to introduce into evidence in this case. *Id*. at 1364. In *Crawford*, the Supreme Court held that "[w]here testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is the one the Constitution actually prescribes: confrontation." 541 U.S. ___, ___,124 S.Ct. 1354, 1374. Although the Supreme Court did not define what is "testimonial," it cannot be doubted that the information included in the codefendant's statement falls within this category. *Morten v. United States*, __A.2d__(97-CF-1263 August 12, 2004)(admission of hearsay statements of nontestifying

codefendants harmful error).

While the Courts rulings in this area are consistent with the preference for joint trials in the interests of judicial economy, *see, e.g., United States v. Lane*, 474 U.S. at 449; *Perry*, 731 F.2d at 991, such a preference cannot, however, trample a defendant's right to a fair trial. *See Cupo v. United States,* 359 F.2d 990, 993 (D.C. Cir. 1966) ("The Rules do not permit cumulation of prejudice by charging several defendants with similar but unrelated offenses."), *cert. denied*, 385 U.S. 1013 (1967). [M]otions for severance are particularly sensitive in conspiracy cases because of the danger that the guilt of one defendant may be unjustly transferred to another." *United States v. Sutton*, 801 F.2d 1346, 1363-64 (D.C. Cir. 1986). Furthermore, any serious doubts must be resolved in favor of the defendant. *See United States v. Freeman*, 514 F.2d 1314, 1320-21 (D.C. Cir. 1975).

DEFENSES

Notwithstanding the government's theory that Mr. Thomas and Mr. Jackson were jointly involved in the offenses alleged in the indictment, Mr. Thomas' defense is "mutually contradictory" to Mr. Jackson's defense. *United States v. Manner*, 887 F.2d 317, 324 (D.C. Cir. 1989), *cert. denied*, U.S. , 110 S.Ct. 879 (1990); *United States v. Tarantino*, 846 F.2d 1384, 1399 (D.C. Cir. 1988); *United States v. Erlichman*, 546 F.2d 910, 929-30 (D.C. Cir. 1976), <u>cert. denied</u>, 429 U.S. 1120 (1977). Counsel submits that Messrs. Thomas and Jackson have defenses which are "antagonistic" and "directly contradictory," <u>id.</u> at 326, and present a situation involving "more than '[t]he presence of some hostility.'" *Id. citing United States v. Wright,* 783 F.2d 1091, 1094 (D.C. Cir. 1986). Their defenses are mutually antagonistic and will result in an unfair trial for each of them. Their defenses are "so contradictory as to raise an appreciable danger that the jury would convict because of the inconsistency." *United States v. Wright, supra*,

783 F.2d at 1095. Thus, under these circumstances there is a substantial possibility that the jury will unjustifiably infer that this conflict alone demonstrates that both defendants are guilty.

## CONCLUSION

Wherefore, for the foregoing reasons and for such other grounds that may be advanced at a hearing on this motion, Mr. Thomas requests that this motion to sever trials be granted.

Respectfully Submitted,

_____
JENIFER WICKS
Bar No. 465476

Law Offices of Jenifer Wicks
The Webster Building
503 D Street, N.W.
Suite 250A
Washington, D.C.  20001
(202) 326-7100